**Fitt v. General Motors Corporation**

*Terrance R. Nealon,* for plaintiffs.
*Francis P. Burns III,* for defendant.

COTTONE, *J.,* January 29, 1992—Presently before the court is a motion to compel answers to expert witness interrogatories propounded by the plaintiffs, Cheryl

Lynn Fitt and Sylvia Fitt, trading as West Side Auto Sales Inc., and Pennsylvania Power & Light Co.

The plaintiffs instituted the present action as a result of a single-vehicle accident which occurred on February 6, 1983. On April 9, 1985, the plaintiffs filed a complaint alleging negligence, strict liability, and breach of warranty against the defendant, General Motors Corporation (hereinafter GMC), who manufactured the automobile involved in the accident.

For the purposes of this litigation, the defendant has retained the services of two engineers, who are also employees of GMC, and two independent consultants, employed by Accu-weather Inc., to testify as expert witnesses on its behalf. The plaintiffs submitted three supplemental expert interrogatories of which the latter two are now in dispute.

The defendant argues that the interrogatories in question are improper in that they go beyond the scope of discovery pursuant to Pa.R.C.P. 4003.5, which governs discovery of expert testimony.[1] Pursuant to Pa.R.C.P. 4003.1, the plaintiffs argue that the information requested in the instant case is discoverable generally. The plaintiffs rely on the principle that requests for discovery must be considered with liberality as the rule rather than the exception. With respect to interrogatory no. 2, we agree.

Rule 4003.1 of the Pennsylvania Rules of Civil Procedure delineates the scope of discovery generally. Specifically, the rule provides that a party may obtain discovery regarding any matter which is relevant to the subject matter involved in the pending action, whether

1. The information sought by the plaintiffs in this case is not a request for discovery of facts known and opinions held by the experts acquired or developed in anticipation of the present litigation. Therefore, Rule 4003.5 does not apply here.

it relates to a claim or defense. Pa.R.C.P. 4003.1(a). In determining the discoverability of particular matters, courts have always resolved relevancy problems with liberality and generosity in favor of the litigant seeking, in good faith, information essential to a just presentation of his case. *Hull v. Hudson Coal Co.,* 64 Lacka. Jur. 157, 159 (1962). See also *Dibble v. Simplex Industries,* 80 Lacka. Jur. 62, 63 (1979). Moreover, any doubts are to be resolved in favor of relevancy so that if there is any conceivable basis for relevancy, discovery should be allowed. *Id.*

Furthermore, a party may not object to a discovery request on the ground that the information sought will be inadmissible at trial as long as the information sought appears reasonably calculated to lead to discovery of admissible evidence. Pa.R.C.P. 4003.1(b). This court has previously held that the term "relevant" for purposes of discovery has a greater breadth and scope and carries a more flexible standard than "relevant" for purposes of admissibility at trial. See *Schwab v. Milks,* 91 Lacka. Jur. 107, 109 (1990). Thus, relevance for discovery purposes is not restricted to admissibility at trial. An inquiry is proper if it may reasonably lead to other information which may be admissible at trial. In addition, a court must make its decisions as to the relevancy of particular matters on a case by case basis. *Knappenberger v. Feldman,* 6 D.&C.2d 728, 731 (1956).

In the case at bar, in interrogatory no. 1, the plaintiffs requested information as to the specific legal proceedings in which the defense experts testified within the past five years on behalf of the defendant-GMC. The defendant submitted an adequate answer to this particular request. In interrogatory no. 2, the plaintiffs requested information as to other product liability cases in which the defense experts testified on behalf of other

defendant-automobile manufacturers. The purpose of this request is to possibly expose any potential partiality or bias on the part of these experts. Thus, this information would be useful for purposes of effective cross-examination of the expert witnesses.[2] Additionally, as the plaintiffs point out, this inquiry is particularly appropriate since GMC's experts are either GMC employees or have previously provided expert testimony or services for defense counsel in this case. Thus, we find that the plaintiffs' inquiries with respect to interrogatory no. 2, concerning the defense expert witnesses' *prior court testimony and depositions only*, are relevant and reasonably calculated to lead to the discovery of admissible evidence. As such, we grant the plaintiffs' motion to compel answers to this particular interrogatory.

With respect to interrogatory no. 3, the plaintiffs requested information regarding any party who, within the past five years, may have engaged any of the defendant-GMC's experts as expert witnesses in other cases. In order to be discoverable, the matter sought must be relevant to the subject matter in the pending action, whether or not the information is sought for impeachment purposes. *Konkle v. Knarr,* 53 D.&C.2d 452, 454 (1971). The plaintiffs contend that this information would be necessary to determine whether these experts may have made prior statements that could be inconsistent with their instant opinions. We are not persuaded by this argument. We fail to see how any testimony in cases other than product liability cases

---

2. See *Smith v. Celatex Corp.,* 387 Pa. Super. 340, 564 A.2d 209 (1989) (Cross-examination at trial of an expert witness of the defendant therein, regarding his prior testimony and fees received in different litigation, was proper to demonstrate potential bias and partiality).

would be relevant to the subject matter in this case. Indeed, the information sought in interrogatory no. 2 would certainly reveal any inconsistencies with respect to the instant opinions of these experts. Thus, we are not satisfied that the area of inquiry sought in interrogatory no. 3 is one which is relevant to the cause of action in this case. Accordingly, we deny the plaintiffs' motion to compel answers to interrogatory no. 3.

## ORDER

Now, January 29, 1992, for the reasons stated in the foregoing opinion, the defendant-General Motors Corporation, is hereby ordered to serve full and complete answers to the plaintiffs' supplemental expert witness interrogatory no. 2 and that such answers shall be limited in accordance with the foregoing opinion. It is further ordered that plaintiffs' motion to compel answers to interrogatory no. 3 is denied. The defendant is granted 30 days in which to answer interrogatory no. 2.